UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

WAYMON KINCAID,

                Petitioner,              Case No. 1:22-cv-228

v.                                 Honorable Paul L. Maloney

MICHIGAN PAROLE BOARD et al.,

                Respondents.

_____/

## OPINION

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is duplicative of the petition that Petitioner filed in *Kincaid v. Campbell*, No. 2:21-cv-10574 (E.D. Mich.), and is, therefore, frivolous.

      Petitioner Waymon Kincaid was sentenced to life imprisonment for second-degree murder on November 8, 1976, following his conviction of that offense by a Wayne County Circuit Court

jury. "After serving 41 years of that sentence, the Petitioner was finally granted parole on December 28, 2016, and assigned a 48 month term of parole." *Id.*, (ECF No. 1, PageID.7). During the spring of 2018, Petitioner was charged with parole violations. "At the conclusion of [Petitioner's Parole] Revocation Hearing, the Petitioner was found to have violated parole on counts 1 thru 4[;] . . . the Parole Board issued a 60-month continuance to the Petitioner on 4-22-2019." *Id.*, (ECF No. 1, PageID.12).

Petitioner filed a state habeas petition in the Lenawee County Circuit Court challenging the parole revocation proceedings. That court denied relief by order entered March 18, 2020. *Id.*, (ECF No. 1, PageID.48–51). Petitioner then commenced an original habeas action in the Michigan Court of Appeals. That court denied relief on October 2, 2020. *Id.*, (ECF No. 1, PageID.53). Petitioner filed an application for leave to appeal that decision to the Michigan Supreme Court, but he filed too late and the application was rejected. *Id.*, (ECF No. 1, PageID.55).

On March 8, 2021, Petitioner filed his habeas petition challenging the parole revocation proceedings in the United States District Court for the Eastern District of Michigan. That court ordered the respondent to answer, the respondent has answered, the Rule 5 materials have been filed, and Petitioner has filed a reply brief.

Although Petitioner's Eastern District of Michigan petition remains unresolved, on March 8, 2022, Petitioner filed the instant petition which raises only one issue: that Petitioner was denied counsel during his parole revocation proceedings. (Pet., ECF No. 1, PageID.7–8.) Petitioner raised the same issue in the petition he filed in the Eastern District of Michigan. *Kincaid v. Campbell*, No. 2:21-cv-10574 (E.D. Mich.), (ECF No. 1, PageID.16).

"Federal courts do . . . retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Parties generally have "no right to

maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. Cal. Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

An action is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although actions may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint, or in this case, the petition. *See*, *e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Considering the substantial identity between the legal claims, factual allegations (or lack thereof), temporal circumstances, and relief sought in the present petition and in Petitioner's Eastern District of Michigan petition, pursuant to the Court's inherent power, this action is properly dismissed on the grounds that it is duplicative and frivolous.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

4

**<u>Conclusion</u>**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability. The dismissal is without prejudice to the claims of Petitioner that have been raised in *Kincaid v. Campbell*, No. 2:21-cv-10574 (E.D. Mich.).


Dated:   April 11, 2022                              /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge